# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:15–mj–02465–CMM All Defendants
### *Internal Use Only*

Case title: USA v. Acherman

Date Filed: 04/08/2015
Date Terminated: 04/13/2015

Assigned to: Magistrate Judge Chris
M. McAliley

**Defendant (1)**

| | | |
|---|---|---|
| **Martin Lustgarten Acherman**<br>07680–104<br>*YOB: 1965; English*<br>*TERMINATED: 04/13/2015* | represented by | **Nathan Philip Diamond**<br>Nathan P. Diamond, P.A.<br>888 Biscayne Boulevard<br>Suite 501<br>Miami, FL 33132<br>305–371–5300<br>Fax: 305–371–6966<br>Email: attydiamon@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| ARREST WARRANT ON SUPERSEDING INDICTMENT FROM THE DISTRICT OF MASSACHUSETTS; MONEY LAUNDERING CONSPIRACY | |

**Plaintiff**

**USA**                                    represented by  **Cristina M. Moreno**
                                                            U.S. Attorney's Office
                                                            99 NE 4th Street
                                                            Miami, FL 33132
                                                            305–961–9180
                                                            Email: Cristina.Moreno@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/08/2015 | | | Arrest of Martin Lustgarten Acherman (aw) (Entered: 04/09/2015) |
| 04/08/2015 | 1 | 3 | Magistrate Removal of Indictment from District of Massachusetts, Case number in the other District 15–10046–LTS as to Martin Lustgarten Acherman. (aw) (Entered: 04/09/2015) |
| 04/08/2015 | 2 | 19 | Report Commencing Criminal Action as to Martin Lustgarten Acherman – YOB: **/**/1965 Prisoner #: 07680–104 (aw) (Entered: 04/09/2015) |
| 04/08/2015 | 3 | 20 | Minute Order for proceedings held before Magistrate Judge Chris M. McAliley: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Martin Lustgarten Acherman held on 4/8/2015. as to Martin Lustgarten Acherman (1) Temporary Pretrial Detention. Detention Hearing set for 4/13/2015 10:00 AM in Miami Division before MIA Duty Magistrate. Removal Hearing set for 4/13/2015 10:00 AM in Miami Division before MIA Duty Magistrate. Attorney added: Nathan Philip Diamond for Martin Lustgarten Acherman (Digital 14:30:39.) Signed by Magistrate Judge Chris M. McAliley on 4/8/2015. (aw) (Entered: 04/09/2015) |
| 04/08/2015 | 4 | 21 | NOTICE OF ATTORNEY APPEARANCE: Nathan Philip Diamond appearing for Martin Lustgarten Acherman (aw) (Entered: 04/09/2015) |
| 04/13/2015 | 5 | 22 | Minute Entry for proceedings held before Magistrate Judge Edwin G. Torres: Detention Hearing as to Martin Lustgarten Acherman held on 4/13/2015; Witness HSI S/A PHILIP LAVOIE testified. Status Conference re: removal as to Martin Lustgarten Acherman held on 4/13/2015. (Digital 11:51:03.) (cg1) (Entered: 04/14/2015) |
| 04/13/2015 | 6 | 23 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Martin Lustgarten Acherman (cg1) (Entered: 04/14/2015) |
| 04/13/2015 | 7 | 24 | COMMITMENT TO ANOTHER DISTRICT as to Martin Lustgarten Acherman. Defendant committed to District of District of Massachusetts. Closing Case for Defendant. Signed by Magistrate Judge Edwin G. Torres on 4/13/2015. (cg1)<br><br>**NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014–69.** (Entered: 04/14/2015) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    CRIMINAL NO.   15-10046-LTS |
| | ) |
| MARTIN LUSTGARTEN ACHERMAN, | )    VIOLATIONS: |



**18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments**

**18 U.S.C. § 1512(k) – Conspiracy to Obstruct an Official Proceeding**

**18 U.S.C. § 1512(c)(2) – Obstruction of an Official Proceeding**

**18 U.S.C. §§ 982(a)(1), 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture Allegation**

Defendants.

## FIRST SUPERSEDING INDICTMENT

### COUNT ONE

**(Title 18, United States Code, Section 1956(h) - Money Laundering Conspiracy)**

The Grand Jury charges that:

### INTRODUCTION

At all times relevant to this First Superseding Indictment:

    1.    Since at least 2007, and continuing until the present time, the government of Venezuela has maintained strict control over the availability of U.S. dollars in Venezuela, which has led to the creation of an unregulated black or parallel market for U.S. dollars in Venezuela. The price or exchange rate for U.S. dollars on the black or parallel market varies, but is generally substantially higher than the official exchange rate for U.S. dollars.  The demand for U.S. dollars in Venezuela is often met by money brokers who obtain U.S. dollars generated from illegal

sources including the importation and sale of illegal drugs into the United States from Colombia and Mexico.

2.     Defendant MARTIN LUSTGARTEN ACHERMAN ("LUSTGARTEN") was a resident of Venezuela, Panama, and Florida.   LUSTGARTEN controlled and was a director of several companies incorporated in various locations including Hong Kong, Singapore, Panama, and elsewhere. These businesses were known at various times as Denton Business Inc. ("Denton"), Clifton Capital S.A. ("Clifton"), Arbitrage & Lending Inc ("Arbitrage & Lending"), ANL Services Ltd., A L Services Inc., A&L Services Inc., Andan Ltd., ESL Services, Inc., ESL Portfolio Holdings PTE Ltd., Avintel International Ltd., Henlux Inc., Henlux Ltd., and Henlux PTE Ltd.

3.     According to the website for one of LUSTGARTEN's companies (Henlux.com), Henlux Inc. is headquartered in Panama and offers services in the procurement of durable and consumer goods, venture capital investment, and "purchase order financing."   The website for Henlux Inc. also purports that Henlux Inc. has a division in Hong Kong under the name Henlux Ltd. and in Singapore under the name Henlux PTE Ltd.

4.     Beginning by at least March 2008, LUSTGARTEN had control over and routinely used three different bank accounts at Bank of America in Doral, Florida, under the names Rosemont K d/b/a Denton Business Inc. ("the Denton Rosemont Account"), Rosemont Q Corporation d/b/a Clifton Capital S.A. ("the Clifton Rosemont Account"), and Rosemont Q Corporation d/b/a Arbitrage & Lending Inc. ("the Arbitrage Rosemont Account").   The various Florida corporations in the name of "Rosemont" were "doing business as" ("d/b/a") LUSTGARTEN's shell-companies.

2

5.     The three bank accounts that LUSTGARTEN held under the name of Rosemont Corporation at Bank of America in Doral, Florida, were among 59 bank accounts held by LUSTGARTEN's companies and other entities also held in the name of Rosemont Corporation ("the Rosemont Accounts").    On or about March 25, 2009, the U.S. Drug Enforcement Administration ("DEA") in Boston, Massachusetts, seized these approximately 59 bank accounts held at Bank of America.



3



## OBJECT OF CONSPIRACY

9.      The object of the conspiracy was to earn substantial sums of money on the black market or parallel market in Venezuela by obtaining U.S. dollars from illegal sources, including the proceeds of drug trafficking, at a lower price or exchange rate, and exchanging or selling these U.S. dollars from illegal sources for Venezuelan bolivars at a substantially higher price or exchange rate on the black or parallel market in Venezuela.   It was also the object of the conspiracy to conceal the wiring and movement of U.S. dollars derived from illegal sources, including drug trafficking, by falsely representing them to be loan repayments and capital investments through multiple international companies and bank accounts in Florida, New York, Panama, Hong Kong, and Singapore.

## MANNER AND MEANS OF CONSPIRACY

Among the manner and means by which the conspirators would and did carry out the conspiracy were the following:

10.      Between approximately 2008 and continuing up to on or about March 25, 2009, LUSTGARTEN used bank accounts under the name of Rosemont Corporation doing business as Denton, Clifton, and Arbitrage & Lending in Florida, each of which LUSTGARTEN controlled, to receive millions of U.S. dollars that were the proceeds of drug trafficking in the United States. LUSTGARTEN purchased drug money in U.S. dollars on the black or parallel market and sold

4

the U.S. dollars to legitimate companies in Venezuela in exchange for Venezuelan bolivars. LUSTGARTEN received drug proceeds from Mexico and Colombia including millions of U.S. dollars in drug proceeds that others known and unknown to the grand jury caused to be transferred to LUSTGARTEN's Rosemont accounts in Florida from bank accounts associated with two companies in Colombia known as SBT S.A. ("SBT") and CI DEL ISTMO S.A. ("ISTMO").

11.     Following the seizure of the Rosemont Accounts in Florida on or about March 25, 2009, including LUSTGARTEN's accounts at Denton, Clifton, and Arbitrage & Lending, from in or about June 2009 and continuing until at least in or about November 2010, LUSTGARTEN provided materially false information to the United States Attorney's Office and the DEA in Boston, Massachusetts, about the nature of his financial transactions, including but not limited to his transactions with SBT and ISTMO.

12.     Following the seizure of the Rosemont Accounts and LUSTGARTEN's accounts at Denton, Clifton, and Arbitrage & Lending in Florida on or about March 25, 2009, LUSTGARTEN opened accounts in Hong Kong and Singapore and used those accounts to receive millions of U.S. dollars that were the proceeds of drug trafficking in the United States. LUSTGARTEN concealed the nature, source, and ownership of this drug money by falsely claiming that the money was a repayment of a loan from his purchase order financing business.

13.     Beginning in approximately 2010, LUSTGARTEN falsely told others that the DEA in Boston, Massachusetts had authorized his financial transactions.   LUSTGARTEN also falsely claimed that he had conducted "due diligence" on each of his clients and had verified the source of the U.S. dollars he was receiving into his bank accounts in both Florida and Hong

5

Kong.

14.     Between in or about January 2012 and February 2014, LUSTGARTEN concealed the nature of his relationship with ⬛⬛⬛⬛ and his transactions with SBT and ISTMO and provided materially false information to the DEA in Boston, Massachusetts and Puerto Rico.



## THE CONSPIRACY

16.     From a date unknown, but at least by in or about 2007, and continuing up to and including the date of the filing of this First Superseding Indictment, at Boston and elsewhere in the District of Massachusetts, in the Southern District of New York, the Eastern District of New York, the Southern District of Florida and elsewhere in the United States, and in Colombia, Venezuela, Brazil, Argentina, Panama, the United Kingdom, Hong Kong, Singapore and elsewhere,

### MARTIN LUSTGARTEN ACHERMAN,



defendants herein, knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree with

6

each other and other individuals known and unknown to the grand jury:

(a)     to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b)     to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

(c)     knowingly to engage and attempt to engage in monetary transactions by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and

7

otherwise dealing in a controlled substance, and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, knowing that the property was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

8

## COUNT TWO

### (Title 18, United States Code, Section 1512(k) –
### Conspiracy to Obstruct an Official Proceeding)

The Grand Jury further charges that:

1.      The allegations set forth in paragraphs one through fifteen of Count One are re-alleged and incorporated in this Count by reference.

2.      From a date unknown but at least by in or about 2009, and continuing up to in or about May 2014, at Boston and elsewhere in the District of Massachusetts, the Southern District of Florida and elsewhere in the United States, and in Colombia, Panama and elsewhere,

### MARTIN LUSTGARTEN-ACHERMAN,

defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other individuals known and unknown to the grand jury to corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede an official proceeding, namely federal grand jury investigations in the District of Massachusetts investigating the Rosemont Accounts and the laundering of drug proceeds and the related forfeiture proceedings involving the Rosemont Account as described herein, by providing materially false information and documents to the DEA and the U.S. Attorney's Office in the District of Massachusetts at Boston regarding LUSTGARTEN's financial transactions relating to the Rosemont Accounts, in violation of Title 18, United States Code, Section 1512(c)(2).

All in violation of Title 18, United States Code, Section 1512(k).

9

11

## COUNT THREE

### (Title 18, United States Code, Section 1512(c)(2) –
### Obstruction of an Official Proceeding)

The Grand Jury further charges that:

      1.     The allegations set forth in paragraphs one through fifteen of Count One are re-alleged and incorporated in this Count by reference.

      2.     On or about February 7, 2014, at Boston and elsewhere in the District of Massachusetts and elsewhere,

### MARTIN LUSTGARTEN-ACHERMAN,

defendant herein, did knowingly, intentionally, and corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede an official proceeding, namely federal grand jury investigations in the District of Massachusetts investigating the Rosemont Accounts and the laundering of drug proceeds and the related forfeiture proceedings involving the Rosemont Accounts as described herein, by providing false information about, and concealing from, the U.S. Drug Enforcement Administration and the Department of Homeland Security, Homeland Security Investigation the complete nature and scope of LUSTGARTEN's involvement with SALOMON BENDAYAN.

      All in violation of Title 18, United States Code, Section 1512(c)(2).

.

.

10

## FORFEITURE ALLEGATIONS

**(Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C)
and Title 28, United States Code, Section 2461(c))**

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this First Superseding

Indictment,

### MARTIN LUSTGARTEN ACHERMAN,



defendants herein, jointly and severally, shall forfeit to the United States, pursuant to Title 18,

United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and

any property traceable to such property. The property to be forfeited includes, but is not limited to:

    (A)    a sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a joint and several forfeiture money judgment;

    (B)    all funds on deposit in HSBC (Hong Kong) account number 614009967838, held in the name of A and L Services Ltd.;

    (C)    all funds on deposit in HSBC (Hong Kong) account number 491661492838, held in the name of Andan Ltd.;

    (D)    all funds on deposit in HSBC (Hong Kong) account number 411781446838, held in the name of ESL Services Ltd.;

    (E)    all funds on deposit in HSBC (Hong Kong) account number 817342074838, held in the name of Henlux Ltd.;

    (F)    all funds on deposit in HSBC (Hong Kong) account number 491680559888, held in the name of Martin A. Lustgarten;

    (G)    all funds on deposit in Standard Chartered Bank (Hong Kong) Limited account number 36811380986, held in the name A L Services Ltd.;

11

(H)    all funds on deposit in Standard Chartered Bank (Hong Kong) Limited account number 36811375230, held in the name of ESL Services Ltd.;

(I)    all funds on deposit in DBS Bank (Hong Kong) Limited account number 4736093780, held in the name of Avintel International Ltd.;

(J)    all funds on deposit in DBS Bank (Hong Kong) Limited account number 7884585410, held in the name of Henlux Ltd.;

(K)    all funds on deposit in Bank of China (Hong Kong) Limited account number 01287592427662, held in the name of ANL Services Limited;

(L)    all funds on deposit in HSBC (Hong Kong) account number 491783619838, held in the name of RAM Technologies Limited;

(M)    all funds on deposit on HSBC (Hong Kong) account number 491783635838, held in the name of Torsten Management Corporation Limited;

(N)    all funds on deposit in DBS Bank (Singapore) Limited account number 0003010612016, held in the name of ESL Portfolio Holdings Pte Ltd.;

(O)    all funds on deposit in DBS Bank (Singapore) Limited account number 003008269014, held in the name of Henlux Pte Ltd, previously held in the name of AL Global Portfolio Ptd Ld.;

(P)    all funds on deposit in Oversea Chinese Banking Corporation (Singapore) Limited account number 503083628301, held in the name of AL Global Portfolio PTE Ltd.;

(Q)    all funds on deposit in Australia and New Zealand Banking Group Limited (Singapore) account number 7931050741033USD00001, held in the name of ESL Portfolio Holdings Pte Ltd.

(R)    all funds on deposit in HSBC Bank (Panama) account number 108978728, held in the name of A L Services Inc.;

(S)    all funds on deposit in HSBC Bank (Panama) account number 100384453, held in the name of Martin Lustgarten Acherman;

(T)    all funds on deposit in Totalbank Curacao NV (Panama) account number 93663, held in the name of A & L Services Inc. (Panama);

12

(U)    all funds on deposit in Banesco S.A. (Panama) account number 120000069931, held in the name of Martin Lustgarten;

(V)    all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0021000B000C, held in the name of A L Services Inc.;

(W)    all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0021066B000C, held in the name of Andan Ltd.;

(X)    all funds on deposit in Berenberg Bank Schweiz AG (Switzerland) account number 000104100200, held in the name of Andan Ltd;

(Y)    all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0020999B000C, held in the name of ESL Services Inc.;

(Z)    all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0021088B000C, held in the name of Henlux Inc.;

(AA)    all funds on deposit in Andbanc Luxembourg S.A. account number 6002420001000, held in the name of Andan Ltd.;

(BB)    all funds on deposit ██████████████████████████ held in the name of █

(CC)    all funds on deposit in ███████████████████████ held in the name of █████

(DD)    all funds on deposit in Standard Chartered Bank (Hong Kong) account number ████████████████

(EE)    all funds on deposit in DBS Bank Ltd. (Hong Kong) account number ████████████████

(FF)    all funds on deposit in DBS Bank Ltd. (Hong Kong) account number ████████████████

(GG)    all funds on deposit in DBS Bank Ltd. (Hong Kong) account number ████████████████

13



(HH)  all funds on deposit in Unibank SA (Panama)

14

2.    Upon conviction of the offense alleged in Count Two of this First Superseding Indictment,

### MARTIN LUSTGARTEN ACHERMAN,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.    If any of the property described in paragraphs 1 and 2 above, as a result of any act or omission of the defendants,

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 2 United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraphs 1 and 2.

All pursuant to Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

.

15

.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


Neil J. Gallagher, Jr.
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS; Apri 1, 2015

Returned into the District Court by the Gra ıd Jurors and filed,

DEPUTY CLERK       4/1/2c15 @ 2:19pm

16




# United States District Court
## Southern District of Florida

UNITED STATES OF AMERICA
Plaintiff

CASE NUMBER: CR: 15-2465-McAliley

- vs

REPORT COMMENCING CRIMINAL ACTION

Martin Lustgarten Acherman
Defendant

USMS NUMBER

TO: CLERK'S OFFICE  (MIAMI)  FT. LAUDERDALE  W. PALM BEACH
U.S. DISTRICT COURT  (CIRCLE ONE)

NOTE: Circle appropriate location for appearance in Magistrate Court above.

COMPLETE ALL ITEMS. IF INFORMATION NOT APPLICABLE ENTER N/A.

(1) DATE AND TIME OF ARREST: 4/8/15 ___ A M 8:05  P M ____

(2) LANGUAGE SPOKEN: English / Spanish

(3) OFFENSE CHARGED: 18 USC 1956(h), 1512(k), 1512(c)(2), 982(a)(, 981(a)(1)(C)(5) &

(4) UNITED STATES CITIZEN:  ( ) YES  (✗) NO  ( ) UNKNOWN

(5) DATE OF BIRTH: 6/4/1965

(6) TYPE OF CHARGING DOCUMENT:  (CHECK ONE)
    (✗) INDICTMENT  { } COMPLAINT TO BE FILED/ALREADY FILED
    { } BENCH WARRANT FOR FAILURE TO APPEAR
    { } PROBATION VIOLATION WARRANT
    { } PAROLE VIOLATION WARRANT
    ORIGINATING DISTRICT: District of Massachusetts
    COPY OF WARRANT LEFT WITH BOOKING OFFICER? [✗] YES  [ ] NO

(7) REMARKS: _____

(8) DATE: 4/8/15 ___ (9) ARRESTING OFFICER: Special Agent Michael Nagle

(10) AGENCY: U.S. Immigration & Customs Enforcement (11) PHONE: 786-414-7917

(12) COMMENTS: _____

# MINUTE ORDER

Page 9

## Magistrate Judge Chris M. McAliley

**Atkins Building Courthouse - 6th Floor**      Date: 04/08/15     Time: 1:30 p.m.

Defendant: Martin Lustgarten Acherman J#: 07680-104   Case #: 15-2465-MCALILEY

AUSA: C. Moreno      Attorney: Nathan Diamand   S/D   ft. only

Violation: WARR/SUPER/INDICT/D/MA/Money Laundering Conspiracy

Proceeding: Initial Appearance      C A Appt:

Bond/PTD Held: ○ Yes ○ No     Recommended Bond:

Bond Set at:      Co-signed by:

- ☐ Surrender and/or do not obtain passports/travel docs
- ☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person
- ☐ Random urine testing by Pretrial Services _____ Treatment as deemed necessary
- ☐ Refrain from excessive use of alcohol
- ☐ Participate in mental health assessment & treatment
- ☐ Maintain or seek full-time employment/education
- ☐ No contact with victims/witnesses, except through counsel
- ☐ No firearms
- ☐ Not to encumber property
- ☐ May not visit transportation establishments
- ☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____
- ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
- ☐ Travel extended to: _____
- ☐ Other: _____

Language: English

Disposition:
Deft., advised.
Govt req PTD

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|

Report RE Counsel:

(PTD) Bond Hearing: 4/13/15 10 Am

Prelim/Arraign or (Removal): 4/13/15 10 Am

Status Conference RE:

D.A.R. 14:30:39      Time in Court: 5

s/Chris M. McAliley      Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _13-2463_ McAliley_

UNITED STATES OF AMERICA,
        Plaintiff,

v.

_Martin Lustgarten Acherman_

        Defendant.

**NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD**

    COMES NOW _Nathan P. Diamond_ , and files this
appearance as counsel for the above named defendant(s). Counsel
agrees to represent the defendant(s) for all proceedings arising
out of the transaction with which the defendant(s) is/are presently
charged in the United States District Court in and for the Southern
District of Florida. _Southern Dist of Florida ONLY_

    Counsel hereby states that this appearance is unconditional
and in conformity with the requirements of Local General Rule 16
and the Special Rules Governing the Admission and Practice of
Attorneys.

    Counsel acknowledges responsibility to advise the defendant(s)
of the right of appeal, to file a timely notice of appeal if
requested to do so by the defendant(s), and to pursue that appeal
unless relieved by Court Order.

    **FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A BASIS
FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _4/8/15_

    Attorney: _Nathan P. Diamond_

    Address: _888 Biscayne Blvd 501_

    City _Miami_     State _Fl_ Zip Code _33132_

    Telephone _305 371-5300_

    Florida Bar Number: _146503_

    The undersigned defendant(s) hereby consent(s) to the
representation of the above counsel.

# COURT MINUTES

Page 15

## Magistrate Judge Edwin G. Torres

**King Building Courtroom 10-5**     Date: 4/13/15     Time: 10:00 a.m.

Defendant: Martin Lustgarten Acherman J#: 07680-104     Case #: 15-2465-McALILEY

AUSA: Joseph Palazzo, DOJ     Attorney: Nathan Diamond

Violation: Warr/Ind/D-MA/Consp Money Laundering

Proceeding: Detention Hearing, Removal Hearing     CJA Appt:

Bond/PTD Held: ○ Yes  ○ No     Recommended Bond: PTD

Bond Set at: _____     Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

Language: English

☐ Report to PTS as directed/or ____ x's a week/month by phone: ____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew ____ pm to ____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other:

Disposition:

PTD Hearing held – HSI S/A Philip Lavoie sworn - The Court GRANTS The Government's request for PTD, risk of flight.

Defendant WAIVES Removal

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | | | | |
| Prelim/Arraign or Removal: | | | | |
| Status Conference RE: | | | | |

D.A.R. 11:51:03     Time in Court: 38

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 15-2465-McALILEY

United States of America
    Plaintiff,
    v.

Charging District's Case No. 15-10046-LTS

Martin Lustgarten Acherman,
    Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the DISTRICT OF MASSACHUSETTS

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

[X] An identity hearing and production of the warrant.

[ ] A preliminary hearing.

[ ] A detention hearing in the Southern District of Florida.

[ ] An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 4/13/15

Defendant's Signature

Edwin G. Torres
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Florida
Case No. 15-2465-McALILEY

UNITED STATES OF AMERICA,

    v.

Charging District's Case No. *15 - 10046-LTS*

Martin Lustgarten Acherman,
(USM# 07680-104)

_____/

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the *District of Massachusetts*

Nathan Diamond *retained* **to represent Defendant for proceedings in this District.**

The defendant remains in custody after the initial appearance in the Southern District of Florida.

    **IT IS ORDERED** that the United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

    **DONE AND ORDERED** at Miami, Florida on 4/13/15.

                          _____

                          Edwin G. Torres
                          UNITED STATES MAGISTRATE JUDGE

| RETURN | | |
|---|---|---|
| This commitment was received and executed as follows: | | |
| | | |
| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| | | |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
| | | |