UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-2465-MJ-MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARTIN LUSTGARTEN ACHERMAN,

    Defendant.
_____/

**DETENTION ORDER**

On April 13, 2015, this Court held a hearing pursuant to Title 18 U.S.C. § 3142(f) in the above-entitled case to determine whether Defendant Martin Lustgarten Acherman ("Defendant") should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required. Therefore, it is hereby **ORDERED** that Defendant be detained prior to trial and until the conclusion thereof.

    *I.*    *Nature and Circumstances of the Offense*

On April 1, 2015, a grand jury in the District of Massachusetts returned a First Superceding Indictment charging Defendant and numerous other individuals with conspiracy to launder money, conspiracy to obstruct an official proceeding, and obstruction of an official proceeding. If convicted on all counts, Defendant could be

1

sentenced to two-hundred and forty (240) months in prison, per the statutory cap.

## II.  *Weight of the Evidence*

The weight of the evidence against Defendant is substantial.  18 U.S.C. § 3142(g)(2).  The following facts were taken from the Government's proffer and the testimony of Special Agent Phillip Lavore of Homeland Security, who participated in the investigation of this case.

Defendant was arrested a week prior to his detention hearing, after law enforcement had been investigating Defendant for several years based on his involvement at the center of a complex web of foreign companies operating under the guise of a "purchase-order financing" company to make otherwise illegal wire transfers.  Defendant utilized bank accounts in at least five countries spanning three continents as part of his illegal enterprise, and is responsible for laundering anywhere between $40 million and $100 million for drug cartels and paramilitary organizations in South America.  Agents conducted wiretap intercepts of communications in the United States and Colombia, executed search warrants on email accounts, and conducted in-person interviews in their investigation of this case.

Furthermore, the Defendant's companies made it appear that they were assisting law-abiding clients with the transmission of U.S. currency in and out of Venezuela, getting past local government restrictions.  Defendant lied to potential clients who were interested in laundering drug proceeds by falsely claiming to have DEA permission to move such funds.  Defendant also lied to investigators from the DEA, HSI, and the U.S. Attorney's Office in Boston, Massachusetts. The Government

knows that Defendant made patently false statement to investigators.

Defendant has extensive foreign ties, including citizenship in Venezuela and Austria as well as residency in Panama. Defendant is not a U.S. citizen, and is currently staying in South Florida on a B2 tourist visa. He has extensive foreign travel history and maintains business and familial relationships in Venezuela and other foreign jurisdictions that are known not to cooperate with the U.S. government with respect to extradition. Defendant maintains access to millions of dollars overseas.

The government's evidence, if true, fully supports a probable cause determination that Defendant committed the charged offenses. Consequentially, there is substantial evidence in the record that would support his pretrial detention under 18 U.S.C. § 3142(g)(2).  18 U.S.C. § 3142(e).

### III. *Defendant's History and Characteristics*

Defendant's pertinent history and characteristics support pretrial detention based on risk of flight. According to the Pretrial Services Report, Defendant is forty-nine (49) years old, was born in Venezuela, and retains Venezuelan along with Austrian citizenship. The Pretrial Services Report confirms that Defendant possessed valid Venezuelan and Austrian passports and notes that Defendant has engaged in extensive international travel within the past ten years to and from Venezuela, Panama, Europe, and Asia for both business and pleasure. Pretrial Services discovered that Defendant has siblings currently residing in both Panama and Venezuela. Defendant himself previously resided in Venezuela, and now regularly resides with his wife and children at a residence he owns in Panama in addition to the residence they

own in South Florida.

Defendant's Pretrial Services Report also supports the Government's contentions concerning Defendant's extensive financial means: Defendant reports an income of $30,000.00 a month in addition to checking and savings accounts with balances totaling $65,000.00. Defendant owns two luxury automobiles, a 2015 Range Rover Sport and 2014 Porsche Targa, and reports that his Panamanian residence is paid off and owned in full. Finally, Pretrial Services states that Defendant was arrested in 2004 on immigration-related charges.

The Court finds, based on a preponderance of the evidence—in particular the grand jury's probable cause finding that Defendant committed the offenses with which he is charged in this case, the Defendant's significant foreign ties, the sheer amount of money involved in this case, and the severity of the allegations against Defendant—that Defendant would pose a serious risk of flight if released. 18 U.S.C. § 3142(g)(3)(A). There are no conditions or combination of conditions that may reasonably assure Defendant's presence at trial, making detention appropriate. 18 U.S.C. § 3142(e).

### IV.  *Conclusion*

Pursuant to these findings, the Court hereby directs that:

a.  Defendant be detained without bond and be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

  b. Defendant be afforded reasonable opportunity for private consultation with counsel; and

  c. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

  **DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of April, 2015.

                */s/ Edwin G. Torres*
                EDWIN G. TORRES
                United States Magistrate Judge

Copies to: Pretrial Services (Miami)